ORIGINAL

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
CRIMINAL NO.  1:19-cr-291-JPB

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant STAR TRADE INTERNATIONAL LLC ("STAR TRADE", "the Defendant", or "Defendant Corporation") enter into this plea agreement as set forth below in Part IV pursuant to Rule 11 (c)(1)(A) & (B) of the Federal Rules of Criminal Procedure.  STAR TRADE, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Count One in the Indictment.

## I.  ADMISSION OF GUILT

1.     The Defendant admits that it is pleading guilty because it is in fact guilty of the crime(s) charged Count One in the Indictment.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2.     The Defendant understands that by pleading guilty, the Defendant Corporation is giving up the right to plead not guilty and the right to be tried by a jury.  During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving it guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the witnesses against it.  If the Defendant wished, the Defendant could call witnesses to testify on its own behalf and present evidence in its defense, and the

Defendant could subpoena witnesses to testify on its behalf.  If the Defendant were found guilty after a trial, it would have the right to appeal the conviction.

3.     The Defendant understands that by pleading guilty, it is giving up all of these rights and there will not be a trial of any kind.

4.     By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment, and other pretrial motions that have been filed or could have been filed.

5.     The Defendant also understands that it ordinarily would have the right to appeal its sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings.  By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack its conviction and sentence, as specified below.

6.     Finally, the Defendant understands that, to plead guilty, may have to answer, under oath, questions posed to an authorized officer by the Court concerning the rights that Defendant Corporation is giving up and the facts of this case, and the Defendant Corporation's  answers, if untruthful, may later be used in a prosecution for perjury or false statements.

## III.     **ACKNOWLEDGMENT OF PENALTIES**

7.     The Defendant understands that, based on its plea of guilty, it will be subject to the following maximum and mandatory minimum penalties:

a.     Maximum fine: $1,000,000, or twice the gross amount of any pecuniary gain derived from the offense, or twice the gross amount of any

pecuniary loss to persons other than the defendant corporation resulting from the offense;

     b.    Mandatory special assessment:  $400.00, due and payable immediately.

8.    The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict its exact sentence at this time.

## IV.   PLEA AGREEMENT

9.  The Defendant, its counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### No Additional Charges

10.    The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which it is pleading guilty.  The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

## Sentencing Guidelines Recommendations

11.     Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations:

**Sentencing Guidelines – Base/Adjusted Offense Level**

12.     The Government agrees to recommend and the Defendant agrees that:

   a.     The applicable offense guideline is Section 2M5.1(a)(1).

   b.     Because the offense involves a financial transaction with a country supporting international terrorism under Section 2M5.1(a)(1), the base offense level under Section 2S1.1(a)(1) is 26.

**Acceptance of Responsibility**

13.     The Government will recommend that the Defendant receive an offense level adjustment for acceptance of responsibility, pursuant to Section 3E1.1 of the Sentencing Guidelines, to the maximum extent authorized by the guideline. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize the Defendant's involvement in relevant offense conduct, give conflicting statements about the Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful

personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

**Specific Sentence Recommendation**

14.     Unless the Defendant engages in conduct inconsistent with accepting responsibility, as described more fully in paragraph 14, the Government agrees to recommend that the Defendant be sentenced at the **low end** of the applicable guideline range.

**Fine - No Recommendation As To Amount**

15.     The Government agrees to make no specific recommendation as to the amount of the fine to be imposed on the Defendant within the applicable guideline range.

<u>Right to Answer Questions, Correct Misstatements,</u>
<u>and Make Recommendations</u>

16.     The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law.  Except as expressly stated elsewhere in this Plea Agreement, the parties also reserve the right to make recommendations regarding application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

## Right to Modify Recommendations

17.     With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office.  In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

## Financial Cooperation Provisions

**Special Assessment**

19.     The Defendant understands that the Court will order it to pay a special assessment in the amount of $400.

**Fine/Restitution - Terms of Payment**

20.     The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s).  The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately.  If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, it agrees that the

custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that it is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and its counsel agree that the Government may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of its counsel.

**Financial Disclosure**

21.     The Defendant agrees that Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $1,000 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that Defendant's failure to comply with this provision of the Plea Agreement should result in the Defendant receiving no credit for acceptance of responsibility.

22.     The Defendant agrees to cooperate fully in the investigation of the amount of restitution and fine; the identification of funds and assets in which it has any legal or equitable interest to be applied toward restitution and/or fine; and the prompt payment of restitution or a fine.

7

23.     The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within ten days of the change of plea hearing; (B) submitting to a financial deposition or interview (should the Government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within its possession or control requested by the Government regarding its financial condition and that of its household; and (D) fully and truthfully answering all questions regarding its past and present financial condition and that of its household in such interview(s); and (E) providing a waiver of its privacy protections to permit the Government to access its credit report and tax information held by the Internal Revenue Service.

24.     So long as the Defendant is completely truthful, the Government agrees that anything related by the Defendant during its financial interview or deposition or in the financial forms described above cannot and will not be used against it in the Government's criminal prosecution. However, the Government may use the Defendant's statements to identify and to execute upon assets to be applied to the fine and/or restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived in any way from the interview(s)/deposition(s)/financial forms, which could result in the acquisition of evidence admissible against the Defendant in subsequent proceedings. If the Defendant later takes a position in any legal proceeding that

is inconsistent with the interview(s)/deposition(s)/financial forms–whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner–the Government may use the Defendant's interview(s)/deposition(s)/financial forms, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's interview(s)/ deposition(s)/ financial forms to respond to arguments made or issues raised sua sponte by the Magistrate or District Court.

## Recommendations/Stipulations Non-binding

25.     The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw  its guilty plea or to claim a breach of this Plea Agreement.

## Limited Waiver of Appeal

26.     LIMITED WAIVER OF APPEAL:  To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal its conviction and sentence and the right to collaterally attack its conviction and sentence in any post-conviction proceeding (including, but not limited to,

motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the
Defendant may file a direct appeal of an upward departure or upward variance
above the sentencing guideline range as calculated by the district court.  Claims
that Defendant's counsel rendered constitutionally ineffective assistance are
excepted from this waiver. The Defendant understands that this Plea Agreement
does not limit the Government's right to appeal, but if the Government initiates a
direct appeal of the sentence imposed, the Defendant may file a cross-appeal of
that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

27.    The Defendant hereby waives all rights, whether asserted directly or by
a representative, to request or receive from any department or agency of the
United States any records pertaining to the investigation or prosecution of this
case, including, without limitation, any records that may be sought under the
Freedom of Information Act, Title 5, United States Code, Section 552, or the
Privacy Act of 1974, Title 5, United States Code, Section 552a.

## No Other Agreements

28.     There are no other agreements, promises, representations, or

understandings between the Defendant and the Government.


In Open Court this __th day of January, 2020.


_____          _____
SIGNATURE (Defense Counsel)               SIGNATURE (Defendant)
Don Samuel, Esq.                          Yan Orjoux
                                          Authorized Officer of STAR
                                          TRADE INTERNATIONAL LLC

_____
SIGNATURE (Trial Attorney)
William Mackie


_____
SIGNATURE (Assistant U.S. Attorney)
Brian M. Pearce


_____
SIGNATURE (Approving Official)
Michael Herskowitz
Chief, Computer Crimes & Intellectual
Property Section


    I am an authorized officer of the Defendant corporation Star Trade

International LLC ("STI") and fully empowered to take actions on behalf of STI.

In my capacity as the authorized corporate officer of STI, I  have read the

Indictment against STI and have discussed it with STI's attorney.  I understand

the charges and the elements of each charge that the Government would have to

11

prove to convict STI at a trial.  I have read the foregoing Plea Agreement and have carefully reviewed every part of it with STI's attorney.  I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them.  I also have discussed with STI's attorney the rights that STI may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent STI, with the narrow exceptions stated, from appealing STI's conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding.  I can attest that no one has threatened or forced STI to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.  The discussions between STI's attorney and the Government toward reaching a negotiated plea in this case took place with my permission.  I am fully satisfied with the representation provided to STI by the corporation's attorney in this case.

_____     01/16/2020
SIGNATURE (Defendant)                DATE
YAN ORJOUX

I am STAR TRADE INTERNATIONAL LLC'S lawyer.  I have carefully reviewed the charges and the Plea Agreement with my client.  To my knowledge, the authorized representative and officer of STI, my client, is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____     _____
Don Samuel, Esq.                                          DATE

624475 State Bar of Georgia Number

Filed in Open Court

This ___ day of January, 2020

By _____

13

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIMINAL ACTION NO.: | 1:19-cr-291 |
| DEFENDANT'S NAME: | STAR TRADE INTERNATIONAL LLC |
| PAY THIS AMOUNT: | $400 |

Instructions:

1. Payment must be made by **certified check** or **money order** payable to:
   Clerk of court, U.S. District Court
   **\*personal checks will not be accepted\***
2. Payment must reach the clerk's office within 30 days of the entry of your guilty plea
3. Payment should be sent or hand delivered to:
   Clerk, U.S. District Court
   2211 U.S. Courthouse
   75 Ted Turner Drive S.W.
   Atlanta, Georgia  30303
   (Do Not Send Cash)
4. Include defendant's name on **certified check** or **money order.**
5. Enclose this coupon to insure proper and prompt application of payment.
6. Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.

14